Lotfy Mrich, [SBN202286]
mrichlotfyesq@gmail.com
Marcella Lucente [SBN308887]
mlucente@lucentelawoffice.com
337 N. Vineyard Avenue, Suite 217
Ontario, California 91764
Tel. (909) 972-8458
Fax (866) 716-7168

Attorneys for Plaintiff;
JOANNA GONZALEZ

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNA GONZALEZ, <br><br> Plaintiff, <br><br> vs. <br><br> BAYER HEALTHCARE PHARMACEUTICALS INC., <br> BAYER HEALTHCARE LLC., <br> WALMART STORE INC., WALMART INC.; and DOES 2 through 50, inclusive <br><br> Defendants. | Case No.: ED CV 18-2631 FMO (SHKx) <br><br> **FIRST AMENDED COMPLAINT** <br><br> for Monetary damages and punitive damages for: <br><br> 1) Strict Product Liability; <br> 2) CLRA violations, Cal. Civ. §1750 Et Seq.; <br> 3) Unjust Enrichment; <br> 4) Breach of Express Warranty; <br> 5) Breach of Implied Warranty. <br><br> Filed Concurrently: <br> A Notice of Punitive Damages <br> A Venue Affidavit |

Plaintiff through her attorney makes the following allegations based on information and belief, except as to allegations she makes based on her personal knowledge as to herself. Plaintiff believes that substantial evidence exist to support the allegations set forth.

# I.
# PARTIES

Plaintiff, as an individual re-alleges the following facts:

1. At all relevant times herein, Plaintiff JOANNA GONZALEZ is a fifty year old Hispanic woman, with tawny skin tone, residing at all pertinent times in the County of San Bernardino, State of California.

2. Plaintiff is informed and believes that, at all times relevant to this Complaint, BAYER HEALTHCARE PHARMACEUTICAL INC., ("BAYER THE MAKER"), of the Coppertone Sunscreen Lotion Ultra Guard, is a corporation organized and existing under the laws of the State of Delaware, having a principal business at 100 Bayer Boulevard, Whippany, New Jersey 07981, and was doing business in the state of California during all relevant time.

3. Plaintiff is informed and believes that, at all times relevant to this Complaint, Defendant BAYER HEALTH CARE LLC., ("BAYER THE DISTRIBUTOR",) of Coppertone Sunscreen Lotion Ultra Guard SPF 50, is a limited liability corporation organized and existing under the laws of the State of Delaware, having a principal business at 100 Bayer Boulevard, Whippany, New Jersey 07981 and was doing business in the state of California.

4. Defendant WALMART STORE INC. is a Corporation registered and organized in the state of California with its principal executive offices on 702 SW 8th Street, Arkansas 72716.

5. The true names or capacities, whether corporate, subsidiary, associate or individual of defendants named herein as DOES 1 through 50, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names; Plaintiff will amend this Complaint to show their true names and capacities when the same has been ascertained.

6. At all times relevant herein, each of the Doe Defendants were agents, employees, representative of each of the remaining Defendants and were at all times acting within

the course and scope of such agency and/or employment, or was in some way the cause of Plaintiff's damages.

## II
## AGENCY

7. At all relevant times herein, each Defendant, whether actually or fictitiously named, was the principal, agent or employee of each other Defendant, and in acting as such principal, or within the course and scope of such employment or agency, took some part in the acts and omissions hereinafter set forth by reason of which each Defendant is liable to Plaintiff for the relief prayed for herein.

8. When reference in this complaint is made to any act or omission of a Defendant corporation, company, association, business entity, or partnership, such allegation shall be deemed to mean that the Defendant and its owners, officers, directors, agents, employees, or representatives did or had authorized such act or omission while engaged in the management, direction, or control of the affairs of Defendants and while acting within the scope and course of their duties.

9. When reference in this Complaint is made to any act or omission of Defendants, such allegation shall be deemed to mean the act or omission of each Defendant acting individually and jointly with the other named Defendants.

10. At all relevant times, each Defendant knew or realized that the other Defendants were engaging in, or planned to engage in, the violations of law alleged in this Complaint. Knowing or realizing that other Defendants were engaging in such unlawful conduct, each Defendant nevertheless facilitated the commission of those unlawful acts. Each Defendant intended to, and did, encouraged, facilitated, or assisted in the commission of the unlawful acts, and thereby aided and abetted the other Defendants in the unlawful conduct.

11. Each Defendant ratified the wrongful conduct of each other, its agents and/or employees, accepted the benefit of their wrongful conduct, and failed to repudiate the misconduct.

## JURISDICTION AND VENUE

12. Plaintiff seeks Court remedies for amounts that exceed the minimum of this Court jurisdiction.

## NATURE OF THE ACTION

13. On September 3, 2017, Plaintiff purchased Coppertone sunscreen lotion product ["lotion"] that were advertised to provide "**ULTRA GUARD BROAD SPECTRUM SPF 50 PROTECTION FROM THE MOST DAMAGING UVA/UVB RAY**" [Exhibit 1(a),(b)]

14. Plaintiff read the lotion's label and direction of use before applying it to herself. [Exhibit 2]

15. Plaintiff used the lotion as directed, expecting it to be safe to expose her chest to the sun.

16. Plaintiff felt a burning sensation where she applied the lotion.

17. A Physician licensed by the State of California diagnosed the burn as a chemical burn consistent with the use of the lotion.

18. But for the use of "lotion," Plaintiff would not have been burned in her chest.

19. Plaintiff brings this product liability lawsuit against defendants BAYER HEALTHCARE PHARMACEUTICALS INC., the "manufacturer" of the lotion, as well as against the "distributor" BAYER HEALTHCARE LLC., and the "seller" defendant WALMART STORE INC., [WALMART.]

20. Plaintiff seeks State Court Remedies and punitive damages: Because Defendants manufactured and/or distributed and /or sold and/or otherwise injected in the stream of commerce a dangerous "product" that did not perform as safely as an ordinary consumer would have expected it to perform, when used as intended and recommended; and that caused plaintiff severe burns to her chest, makes the strict liability cause of action in this Complaint not only warranted, but required.

21. Moreover, during the pertinent period, Defendants engaged in a common plan and scheme through the use of misleading advertising claims on their Coppertone Sunscreen

Lotion's container to induce consumers to purchase their product based on the purported benefits it does not have, including but not limited the nature of the protection it affords, claiming **"Ultra Guard", against most damaging of UVA and/or UVB rays and rated SPF 50**.

22. Plaintiff paid a premium for the Coppertone Sunscreen lotion above comparable sunscreen lotions in the market that did not purport to provide **"Ultra Guard"** *"BROAD SPECTRUM SPF 50"* **"From The Most Damaging UVA/UVB Rays".** In direct opposition to defendants' representation, plaintiff received instead serious chemical burns and permanent scars to her cleavage.

23. Moreover, Defendants falsely represented that their lotion provided **"Protection From The Most Damaging UVA/UVB Rays."**

24. UVA rays, UVB rays, and UVC rays are part of the sun's spectrum and represent harmful ultraviolet's light waves. These light waves are short invisible waves. The UVA rays measure about 320 to 400 nanometer; UVB measure about 290-320 nanometer, and UVC rays are less than 290 nanometer in length.

25. The truth, however, Defendants knew or should have known, their Coppertone sunscreen product, [at best which is less than most], does not protect from UVB rays and only protect the skin against harmful **UVA rays**, that penetrate deep within the skin having shorter wave lengths than the skin. As direct result of the deceptive advertising practices of Defendants, Plaintiff has purchased Defendant's Coppertone Sunscreen Lotion "Ultra Guard", under the false impression that she was receiving protection from the most harmful UVA/UVB Rays.

26. Defendants further deceptively advertised, marketed and represented that their "lotion" provided the same level of protection against UVA and UVB rays using SPF 50 rating[1],

---

[1] Sunlight rays waves are called infrared, or ultraviolet (UV) rays. These Ultraviolet stimulate vitamin D in the biological body. However, while some

when in fact, defendant knew or should have known, the SPF designation does not measure UVA protection; and that the protection against UVA is significantly overrated.

27. Aside from concealing that Coppertone Sunscreen Lotion affords very little protection if any from UVA harmful ultraviolet, defendants have also deceptively concealed from plaintiff the evanescent effect of the lotion.

28. On the lotion container's Active Ingredient, Defendants showed five of the active ingredients: **Avobenzone** 3%, Homosalate 13%, Octisalate 5%, Octocrylene 7%, and Oxybenzone 4%.

29. Defendants used Avobenzone based formula which swiftly degrades after exposure to the sun.

30. In fact, scientific study shows that 36% of the effect of **Avobenzone** based formula vanishes after only fifteen minutes exposure to the sun.

31. Other studies found a positive link between the use of sunscreen lotion in the United States and the rise in skin cancer, because the consumers stays longer in the sun based on the false assumption that sunscreen lotion protects them from the harmful Sunrays. Henceforth Plaintiff is also asserting remedies pursuant to the California Consumer Legal Remedies Act [CLRA] to wit Cal. Civ. Code § 1750 Et Seq, and additional

amounts UV rays are necessary catalyst for our well being, excess of and over exposure to these UV rays can have nefarious effect on our skin such as premature aging, cancer and in some cases photokeratitis. The SPF designation on sunscreen products shows the level of protection to the skin from the harmful UVB rays and possibly from by some of the shorter length UVA rays. The higher the SPF the greater is the filtration of the harmful ultraviolet. SPF 50, for example, offers the skin 50 times its natural protection against sun burning, depending on the length of the skin exposure , the intensity of the sun, the time of day, time of year and skin color.

remedies and statutory penalties pursuant to Song-Beverly to wit Cal Civ. Code § 1790 et Seq.

32. Plaintiff has complied with the CLRA affidavit notice.

33. Plaintiff further complied with CCP §1782 CLRA letter.

34. Plaintiff has also complied with the notice of punitive damages.

## FIRST CAUSE OF ACTION
### Strict Product Liability
### Against all defendants including Does 1-50

35. Plaintiff re-alleges and incorporates by reference paragraphs 1-34 as if each were set forth fully and completely herein.

36. Defendants have manufactured and/or distributed and/or sold a Coppertone Sunscreen lotion [Exhibit1 (a), and Exhibit 1(b).]

37. A lotion that did not perform as safely as an ordinary consumer would have expected.

38. Plaintiff has used the Coppertone according to the direction recommended by defendants and in a reasonably foreseeable manner.

39. Plaintiff sustained a serious chemical burn on her chest.

40. The lotion's failure to perform safely is substantial factor in causing Plaintiff injury to her chest.

41. Plaintiff further suffered actual damages.

42. Moreover Plaintiff suffered humiliation and emotional distress.

43. Because defendants conduct was deceptive and oppressive Plaintiff is seeking Punitive damages.

## SECOND CAUSE OF ACTION
### Violation of California Consumer Legal Remedies Act
### Against All Defendants including DOES 1-50

44. Plaintiff re-alleges and incorporates by reference paragraph 1-43 as if each were set forth fully and completely herein.

45. The California Consumer Legal Remedies Act [Cal. Civ. Code §1750 Et Seq.] applies to Defendants' conduct as described herein because:

46. Plaintiff is a "person" as defined at Civil Code § 1761(c) and a "consumers" as defined at Civil Code § 1761 (d).

47. Each and every Defendant is a corporation and a "person" as defined at Civil Code § 1761(c).

48. The lotion is a "good" as defined as Civil Code § 1761(a).

49. The Plaintiff purchased from defendants the lotion, a "transaction" defined at Civil Code §1761(e).

50. Thirty days or more prior to the filing of the Complaint, mailed to Defendants a Consumer Legal Remedies Act's Notification and demand letter pursuant to Cal. Civ. Code §1782. [Exhibit 2]

51. Defendants as manufacturer and/ or distributor and/or seller of the lotion are within the meaning of the California Consumer Legal Remedies act, to wit Cal. Civ. §1770 (a)

    (2) Misrepresenting the source, sponsorship, approval, or certification of goods or services.
    (4) Using deceptive representations in connection with goods or services.
    (5) Representing that goods or services have characteristics, benefits, that they do not have .

52. Defendants' representation in connection with the making and advertising of the lotion as described above constitutes an unconscionable commercial practice and a deception, fraud, false promise and misrepresentation of material facts.

53. Moreover Defendants conduct in making false claim with respect to the lotion stands outside the norm of reasonable business practice.

54. Plaintiff after viewing the misleading statements on the Lotion's bottle, she was led to believe that the lotion would indeed provide the benefit it purports to give, at minimum **"Protection Against The Most Harmful UVA/UVB Rays."** She paid a premium over the ordinary price to get a ULTRA GUARD brand. Contrary to the false claims of protection asserted on the lotion container, Plaintiff received serious "chemical burns."

55. As a direct result of the acts and/or omissions of Defendants, as set forth hereinabove, Plaintiff suffered harm, and continue to suffer harm, both economic and non-economic, in an amount according to proof at the time of trial.

56. Plaintiff has been damaged and suffered a loss as a result of the fraud, misrepresentations/failure to disclose, and/or statutory violations of Defendants and their representatives during the course of the sale of the lotion to Plaintiff, entitling Plaintiff to a right of action against Defendants, including statutory penalties and attorney's fees.

### THIRD CAUSE OF ACTION
Unjust Enrichment and Common Law restitution
Against All Defendants and DOES 1-50

57. Plaintiff re-alleges and incorporates by reference paragraph 1-56 as if each were set forth fully and completely herein.

58. As a result of Defendants' wrongful and deceptive conduct, Plaintiffs suffered a detriment while Defendants have received a benefit.

59. In purchasing Coppertone Sunscreen Lotion product Plaintiff conferred a benefit upon Defendants by paying a premium price for the purchase of each product. Plaintiff paid for these products with the expectation that she would receive a product that provided the benefits claimed in the advertising of the lotion.

60. In accepting the price paid by Plaintiff for the lotion, while failing to provide the sun protection it claimed, Defendants retained a price benefit to which they were not entitled.

61. Defendants should not be allowed to retain the enormous profits generated and realized from the sale of Coppertone sunscreen products that were sold by deception and fraud.

62. Allowing Defendants to retain the unjust profit would offend traditional notions of justice and fair play and induce companies to misrepresent key characteristics of their products in order to increase sales.

63. Defendants are in possession of funds which were obtained by falsehood, and retained from consumers and which should be disgorged as illegally gotten gains in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION

Breach of Express Warranty
Violation of Song-Beverly Statute [Cal Civ Code §1791Et Seq.]
Against All Defendants Including DOES 1-50

64. Plaintiff re-alleges and incorporates by reference paragraphs 1-63 of this Complaint as if each were set forth fully and completely herein.

65. Plaintiff is a "buyer" within the meaning of Cal. Civ. Code §1791(2)

66. Defendant Bayer Healthcare Pharmaceutical is a "manufacturer" as defined by Cal. Civ. Code § 1791(10).

67. Defendant Bayer Healthcare LLC is a "distributor" as defined by Cal. Civ. Code § 1791(5).

68. Defendant Walmart Stores Inc. is a "seller" as defined by Cal. Civ. Code § 1791(12).

69. Plaintiff and Defendant entered into a "sale" contract as defined by Cal. Civ. Code § 1791(14), when she purchased Coppertone sunscreen product that was defective, dangerous, and subject of false and misleading claims.

70. The terms of the contract included the representations, affirmations and description made by Defendants on the advertising package of the Coppertone Sunscreen Lotion that Plaintiff purchased as indicated on Exhibit 1(a) and 1(b).

71. Defendants gave "express warranty" [as defined by Cal. Civ. Code §1791.2] to Plaintiff that their Coppertone sunscreen lotion provided the benefits stated on the container of their lotion.

72. Defendants breached their express warranties to plaintiff because the lotion purchased by Plaintiff did not provide the sun protection benefits which it purports to have.

73. Defendants' express warranties were a factor in deciding whether to purchase and use Defendants' lotion.

74. As a direct and proximate result of the aforementioned breach of express warranty Plaintiff suffered economic loss, personal injury to her body and soul.

# FIFTH CAUSE

Breach of Implied Warranty
Violation of Song-Beverly Statute [Cal Civ Code §1791Et Seq.]
Against All Defendants Including DOES 1-50

75. Plaintiff re-alleges and incorporates by reference paragraph 1-74 of this Complaint as if each were set forth fully and completely herein.

76. Defendants provided "implied warranty" [as defined in Cal. Civ. Code §1791.1] to Plaintiff that Coppertone sunscreen is both *merchantable* and *fit for a particular purpose* when they advertised on the lotion's container the purported benefits it has.

77. When Defendants contracted with Plaintiff to purchase the Coppertone sunscreen products, Defendants knew or should have known that Plaintiff purchased the Coppertone sunscreen lotion to obtain protection claimed on the container of the lotion.

78. Moreover, when Defendants contracted with Plaintiff to purchase Coppertone sunscreen lotion, Defendants knew or should have known that plaintiffs relied on Defendants' advertisement, skill, expertise and judgment to provide the benefits claimed.

79. Defendants breached their implied warranty of because the lotion failed to provide the sun protection benefits as impliedly advertised on the container of their lotion; the lotion is not fit for the ordinary purpose for which the Coppertone sunscreen lotion is intended; the lotion does not conform to the promises and affirmation of facts made on its container.

80. Moreover Defendants breached their implied warranty of fitness for a particular purpose when they sold and marketed the Coppertone sunscreen lotion to Plaintiff which did not have the sun protection benefits as represented on the container.

81. As a direct and proximate result of the aforementioned breach of implied warranty of merchantability and warranty of fitness for a particular purpose, Plaintiff suffered economic loss and Personal injury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment as follows:

1) Awarding Plaintiff monetary damages for her
   a) Actual damages
   b) Pain and suffering damages
   c) Medical Damage, Present and Future
   d) Statutory penalties
   e) Restitution
   f) Attorney fees and costs, and
   g) Any such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demand a trial by jury for all claims so triable.

Dated: March 13, 2019

Respectfully Submitted by,

By _____
Lotfy Mrich, Esq
Marcella Lucente, Esq
Attorney for Plaintiff
JOANNA GONZALEZ

EXHIBIT 1-A



# Coppertone®
## SUNSCREEN LOTION

# ULTRA GUARD®



## 50
**BROAD SPECTRUM SPF 50**

Protection From The Most Damaging UVA/UVB Rays

Non-Greasy

Water Resistant (80 minutes)



8 FL OZ (237 mL)

EXHIBIT 1-B

## Drug Facts

**Active ingredients** — **Purpose**
Avobenzone 3%, Homosalate 13%, Octisalate 5%, Octocrylene 7%, Oxybenzone 4%.................................Sunscreen

**Uses**
- helps prevent sunburn
- if used as directed with other sun protection measures (see *Directions*), decreases the risk of skin cancer and early skin aging caused by the sun

**Warnings**
For external use only

Do not use on damaged or broken skin

When using this product keep out of eyes. Rinse with water to remove

Stop use and ask a doctor if rash occurs

Keep out of reach of children. If product is swallowed, get medical help or contact a Poison Control Center right away.

**Directions**
- apply liberally 15 minutes before sun exposure
- reapply:
  - after 80 minutes of swimming or sweating
  - immediately after towel drying
  - at least every 2 hours
- Sun Protection Measures. Spending time in the sun increases your risk of skin cancer and early skin aging. To decrease this risk, regularly use a sunscreen with a Broad Spectrum SPF value of 15 or higher and other sun protection measures including:
  - limit time in the sun, especially from 10 a.m. – 2 p.m.
  - wear long-sleeve shirts, pants, hats, and sunglasses
- children under 6 months: Ask a doctor

**Other information**
- protect this product from excessive heat and direct sun
- may stain or damage some fabrics or surfaces

**Inactive ingredients** Water, Sorbitol, Aluminum Starch Octenylsuccinate, VP/Eicosene Copolymer, Stearic Acid, Triethanolamine, Sorbitan Isostearate, Benzyl Alcohol, Dimethicone, Tocopherol (Vitamin E), Polyglyceryl-3 Distearate, Fragrance, Methylparaben, Carbomer, Propylparaben, Disodium EDTA

**Questions?** 888-380-3330

0 41100 05813 3

Bayer, the Bayer Cross, Design, Ultraguard, and the Coppertone Sun Wave Design are registered trademarks of Bayer.
© 2015 Bayer. Dist by: Bayer HealthCare LLC
Whippany, NJ 07981

EXHIBIT 2



# PROOF OF SERVICE
## (UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA)

I am employed in the county of San Bernardino, State of California. I am over the age of 18 years and not a party to the within action. My business address is **337 N. Vineyard Avenue, Suite 217, Ontario, California 91764**

On 0313/2019, I served the foregoing document(s) described as *FIRST AMENDED COMPLAINT* on interested parties in this action.

(XX)  by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:     See Attached Mailing List

(XX)  **BY REGULAR MAIL:** I deposited such envelope in the mail at 337 N. Vineyard Avenue, Suite 217, Ontario, California. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firms practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

( )   **BY FACSIMILE SERVICE:** I transmitted a true copy of said document(s) by facsimile machine, and no error was reported. Said fax transmission(s) were directed as indicated on the service list.

(xx)  **BY ELECTRONIC SERVICE**: by causing the foregoing documents to electronically filed using the court's electronic filing system which constitutes service of the filed documents on the individuals listed on the attached mailing list

( )   **BY PERSONAL SERVICE**: I caused such envelope(s) to be delivered by hand to the above addressee(s).

( )   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

( xx )  (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 13, 2019, at Ontario, California.

*Monica Sanchez*
Monica Sanchez

*Mailing List*

Alycia A. Degen
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013

Email: adegen@sidley.com

Andrew A. Kohn
PETTIT KOHN INGRASSIA LUTZ & DOLIN PC
11622 El Camino Real, #300
San Diego, California 92130

Email: akohn@pettitkohn.com


The Honorable Fernando M. Olguin
United States District Court, Central District
350 W. 1st Street
6th Floor, Courtroom 6D
Los Angeles, California 90012